IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT GREGORY SAYRES                                              PETITIONER

VS.                         CASE NO. 3:14-CV-03128-TLB-MEF

ROBERT T. GRUDEK, Sheriff,
Carroll County, Arkansas                                           RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) filed December 24, 2014. Petitioner filed his Application to Proceed In Forma Pauperis (Doc. 5) on April 7, 2015, and on that same date he filed a Motion to Add New Sheriff (Doc. 6) seeking to add the new Sheriff of Carroll County, Arkansas, Randy Mayfield, as a defendant in this action.

### I. Background

Mr. Sayres has a lengthy history of litigation before this Court. An examination of the Court's records reveals that Mr. Sayres has filed the following civil rights cases under 42 U.S.C. § 1983:

- **3:05-cv-03038**. *Robert Sayres v. John Putman*, Circuit Judge, Boone County, Arkansas; *Jack Hudson*, Investigator, Boone County Sheriff's Office; *Dave Muniz*, Chief of Police, Berryville Police Department; *Danny Hickman*, Sheriff, Boone County, Arkansas; *Bob King*, Boone County Sheriff's Office; and, *Officer Braden*, Boone County Sheriff's Office. This case was dismissed on February 2, 2008. (Doc. 51)

- **3:05-cv-03049**. *Robert Sayres v. Shannon Pearson*, Patrol Officer, Berryville Police Department. This case was dismissed on December 1, 2005. (Doc. 11)

- **3:05-cv-03063**. *Robert Sayres v. Jack Hutson*, Investigator, Boone County Sheriff's Office; *John Putman*, Circuit Judge, Boone County; *Danny Hickman*, Sheriff, Boone County; *Dave Muniz*, Chief of Police, Berryville Police Department; and, *Jim Campbell*, Bondsman. This case was dismissed on May 19, 2006. (Doc. 28)

- **3:06-cv-03043**. *Robert Sayres v. Sheriff Danny Hickman*, Boone County Sheriff's Department; *Investigator Jack Hutson*, Boone County Sheriff's Department; *Major Doug Harris*, Arkansas Department of Correction; *David Muniz*, Chief of Police, Berryville, Arkansas; *Jim Campbell*; *Deputy Walker*; and, *Judge Putman*, Circuit Judge, Boone County Circuit Court. This case was dismissed on September 7, 2006. (Doc. 11) In addition to dismissal of the action, Judge Hendren further ordered the following:

  > "[t]he Clerk of Court is directed to provisionally file any new action in which Robert Sayres seeks to proceed *in forma pauperis*. The Magistrate Judge shall then review the action and, if it is a civil action rather than a criminal action or a habeas proceeding, and if Sayres has not asserted a valid claim that he is in imminent danger of serious physical injury, the Magistrate Judge shall recommend that *in forma pauperis* status be denied." (Doc. 11, p. 2)

- **3:10-cv-03032**. *Robert Sayres v. State of Arkansas*; *Phillip Moon*, Attorney; and, *Sheriff Danny Hickman*, Boone County, Arkansas. This case was dismissed on July 14, 2010. (Doc. 13) In the Magistrate Judge's Report and Recommendation filed on May 26, 2010 (Doc. 9, p. 2), it was noted that the "three strikes rule" of 28 U.S.C. §

      1915(g) applied to Sayres in that he had at least three previous actions that qualify as strikes against him under § 1915(g), citing *Sayres v. Pearson*, Civil No. 05-3049 (W.D. AR) and *Sayres v. Hutson*, Civil No. 05-3063 (W.D. AR), as well as *Sayres v. First Arkansas Bailbonds, et al.*, Civil No. 06-407 (E.D. AR), and that Sayres has had at least one case dismissed by virtue of the three strikes rule, *Sayres v. Hickman, et al.*, Civil No. 06-3043 (W.D. AR). In the Court's Order dismissing the action, Judge Hendren ordered the Clerk of Court to place a § 1915 flag on the case, as well as on 05-3049 and 05-3063. (Doc. 13, p. 1)

- **5:10-cv-05139**. *Robert Sayres v. Tim Helder*. This case was dismissed pursuant to the "three strikes rule" of § 1915(g) on January 28, 2011. (Doc. 15)

- **3:13-cv-03096**. *Robert Sayres v. John Felts*, Arkansas Board of Parole; *Sheriff Mike Moore*; *Jamin B. Martin*, Parole Officer; and, *Officer Robert Cutborth*. This case was dismissed as frivolous on January 23, 2014. (Doc. 26)

All of the cases referenced above were filed *pro se* and *in forma pauperis*, and the cases all spring, with some variations, from essentially the same core allegations of fact. The gist of Sayres' allegations is that there has been a conspiracy and misconduct by law enforcement and court officials in Boone County and Carroll County, Arkansas, and by his Parole Officer and the Arkansas Parole Board, to keep him in trouble with the law and in jail. Sayres has alleged in these actions, *inter alia*, that has been falsely arrested and unlawfully imprisoned; that his bond was wrongfully revoked; that he has been beaten in jail while in the Boone County jail; that he was "hired" by the Berryville Police Department in 1996 and was never paid for his service; that he has been arrested repeatedly for writing three bad checks in 1995; that he was mistreated in the Washington County jail; that he was

sent to prison for parole violations that never happened; that he has been denied due process by the Arkansas Parole Board; and, that he has been retaliated against for filing a lawsuit. As noted in the cases mentioned above, Sayres' allegations and claims have all been found to be unsubstantiated and frivolous, and he is subject to the "three strikes rule" of § 1915(g).

Despite this history, Sayres filed yet another *pro se* action under § 1983 on June 27, 2014. That action, *Robert G. Sayres v. Ray Hobbs*, Director, Arkansas Department of Correction, *Sheriff Robert Grudek*, Carroll County, Arkansas, and *Dave Muniz*, Chief of Police, Berryville Police Department, Case No. 3:14-cv-03065, was not filed *in forma pauperis*, however, and the case is currently pending. While not directly related to the instant habeas proceeding filed by Sayres under 28 U.S.C. § 2241, the Court notes that Sayres in that action has, once again, complained of: being jailed "for fauil (sic) to appear from a 1995 hot check now I wish to lidagate (sic)," "got parole violated for this 1995 warrant," "was hired by the chief of police Dave Muniz in 1995 to work for the city police dept. over the last 19 years a few of these Carroll County officers along with the Harrison Parole Office has conspired on me for the last 19 years, having me beat, falsely imprisoned, worked without pay, excessive punishment over 3 hot checks for the last 19 years," "repeat 'retaliation' to cover up there (sic) actions in violation of my Constitution (sic) rights;" and, for relief in that action Sayres wants "my 2 cases overturned felony in poss of firearm, hot checks in 1995 and now my parole violation that was wrong in 9-23-13." (Doc. 1, pp. 4-5) Despite having filed that action under 42 U.S.C. § 1983, it is apparent to the Court that what Sayres is actually seeking is habeas relief.

Sayres has already sought, and been denied, habeas relief. On January 27, 2014, Sayres filed a Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2254 in *Robert*

*Gregory Sayres v. Ray Hobbs*, Director, Arkansas Department of Correction, in Case No. 3:14-cv-03011. In his Petition, Sayres challenged his "felon-in-poss of firearm x2 and forgery & poss of a forgery devise (sic)" convictions. (Doc. 1, p. 1) He claimed that Parole Officer Jamin Martin "tricked me into singing (sic) a parole hearing after I'v[e] (sic) been requesting a hearing," and that Parole Officer Martin and Boone County Sheriff Deputy Robert Cutburth "fabricated a parole report stating I was in a house with guns." (Doc. 1, p. 5) He also claimed that "I was wrongfuly (sic) sentenced in state court as a police informant (police intrapment (sic)) in 2005 to 6 years now almost 9 years later I'm under the same sentence." (Doc. 1, p. 6) In the Magistrate Judge's Report and Recommendation[1] filed April 2, 2014, the Magistrate Judge made the following findings: that Sayres' claim of being wrongfully sentenced in 2005 was barred by the one year statute of limitations for federal habeas corpus petitions brought by state prisoners, *see* 28 U.S.C. § 2244(d)(1) and *Walker v. Norris*, 436 F.3d 1026, 1029 (8th Cir. 2006) (Doc. 34, pp. 3-4); that Sayres failed to allege any circumstances that would constitute grounds for equitable tolling of the limitations period (Doc. 34, pp. 4-5); that Sayres' parole claim was procedurally defaulted as he failed to exhaust his state court remedies before seeking habeas relief (Doc. 34, pp. 5-8); and, that even if the parole claim was not procedurally barred, it lacked merit as Sayres did not state any factual allegations as to how his parole officer performed the alleged trick, and the waiver of parole hearing form included specific language that the waiver was "made voluntarily and intelligently" and that it was NOT the "result of any threats or promises or any form of coercion" (Doc. 34, pp. 8-9). In an Opinion and Order entered on September 24, 2014, the Court approved and adopted in toto the Magistrate Judge's Report and Recommendation, and Sayres' Petition to Vacate, Set Aside, or Correct a Sentence

---

[1] Hon. James R. Marschewski, Chief United States Magistrate Judge, now retired.

Pursuant to 28 U.S.C. § 2254 was dismissed with prejudice. (Doc. 47, p. 1)

In his instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1), Sayres names Sheriff Robert Grudek[2], the Sheriff of Carroll County, Arkansas, as defendant. On April 7, 2015, Sayres filed his Motion to Add New Sheriff (Doc. 6) which seeks to add "the new Sheriff of Carroll County 'Sheriff Randy Mayfield' former Berryville City Police Officer into witch (sic) I have a law-suit pending. For retaliation, civil rights violations." Sayres indicates that his Petition concerns a conviction ("1995 hot check"), a sentence, jail or prison conditions, prison discipline, and a parole problem ("sent to prison without a parole hearing in Sept. 23, 2013 I turned myself in to Boone County Jail now on June 3, 2014 did not get to see a Judge within 48 hours of arrest for a 1995 charge"). (Doc. 1, p. 1) He states that his place of detention is the Carroll County Jail in Berryville, Arkansas. (Doc. 1, p. 2) Sayres states that he has previously filed for habeas relief, that "it's pending," and as grounds for that earlier effort to obtain habeas relief he says, "double jeopardy in witch (sic) in 1995 I was not fit to stand trial because of post tramatic (sic) stress disorder over these three hot checks, while under orders of the Berryville Police Officers to work a Fedral (sic) case." (Doc. 1, p. 2) In explaining why his remedy by way of such motion is inadequate or ineffective to test the legality of his detention, Sayres says, "now the jail is holding me without seeing a Judge in 48 hours." (Doc. 1, p. 2)

Sayres leaves Ground One blank, but under the supporting facts section he states, "1995 city of Berryville and Carroll County Sheriff for ordering me to work a Fedral (sic) case without payment for over 12 weeks of work and had me beat in jail, fausly (sic) imprisned (sic) in 2000 2010 no

---

[2] Robert Grudek was Sheriff of Carroll County, Arkansas, at the time of the filing of Sayres' Petition on December 24, 2014. On January 1, 2015, Randy Mayfield became Sheriff of Carroll County, Arkansas.

hearing 2013 no hearing, 2014 June 3 Jail for a 1995 warrant and seen no Judge after 8 mo of prison in the A.D.C. All these Defendans (sic) causing me post tramatic (sic) stress disorder." (Doc. 1, p. 4) Under Ground Two he states, "crule (sic) and unusual punshment (sic) for 19 years," and as supporting facts he says, "[t]hese officers running me out of state over and over." (Doc. 1, p. 4) For Ground Three he states, "[n]ot letting me take the 1995 hot check to jury trial, this Sheriff is punshing (sic) me not coming to court on a 1995 charge in witch (sic) in 2013 I just got out of jail with no job or car to get to Carroll County." (Doc. 1, p. 4) The supporting facts for Ground Three are, "I'm being punished for a mecal (sic) disibily this office of Sheriff has caused, along with the City of Berryville police for the last 19 years of cruel an unusel (sic) punshment (sic), taking my right to bare (sic) airms (sic), all this for Retaliation for the Sesler case and forcing the former Sheriff Lonnie Nickels out of his office in 1995 for his involvement in that case." (Doc. 1, p. 5) For relief, Sayres wants, "release from this jail, a jury trial, for payment of medical cost and wrongful imprisoned on and off for 19 years, overturn my cases one by one on a jury trial, see a Judge withend (sic) 48 hours for release." (Doc. 1, p. 5)

## II. Discussion

It is apparent to the undersigned that Sayres has already, and repeatedly, brought the same complaints he again raises in this action to the Court. It is also apparent that the vehicle Sayres seeks to use in this action to advance his claims, a petition under 28 U.S.C. § 2241, is not available to him. Sayres has interchangeably alleged, in a conclusory fashion only, matters that would either be properly brought in a civil rights action under 42 U.S.C. § 1983 or in a habeas corpus action for a state prisoner under 28 U.S.C. § 2254. As a state prisoner, he cannot bring a habeas action under 28 U.S.C. § 2241, and his pending motions should be denied and this action dismissed.

First, it is clear that Sayres is a state prisoner. His Petition alleges that the conviction he challenges is a 1995 hot check violation. According to the records of the Arkansas Department of Correction ("ADC"), Sayres' state court convictions include: on December 11, 1995, Sayres was sentenced by the Carroll County Circuit Court, Case No. CR-1995-1251, to 90 days on the charge of Hot Check Violation; on November 15, 1995, Sayres was sentenced by the Boone County Circuit Court, Case No. CR-1995-302, to three months and 29 days on the charges of Theft of Property (two counts) and Forgery; on October 31, 1996, Sayres was sentenced by the Miller County Circuit Court, Case No. CR-1996-330, to 24 months on the charge of Escape-2d Degree; on October 8, 1998, Sayres was sentenced by the Washington County Circuit Court, Case No. CR-1998-1352, to 36 months in the ADC on the charge of Forgery; on April 15, 2005, Sayres was sentenced by the Boone County Circuit Court, Case No. CR-2005-40, to 72 months in the ADC on the charges of Forgery, Possession of Forgery Device and Possession of a Firearm by Certain Person; and, also on April 15, 2005, Sayres was sentenced by the Boone County Circuit Court, Case No. CR-2004-309, to 72 months in the ADC on the charges of Possession of a Firearm by Certain Person. These are the convictions that Sayres apparently wants to "overturn one by one." According to the Boone County Sheriff's Office Website, Sayres is in custody in the Boone County Jail on Carroll County charges including absconding and failure to pay time pay.

28 U.S.C. § 2254 is the only means by which "a person in custody pursuant to the judgment of a State court" may raise challenges to the validity of his conviction or sentence or to the execution of his sentence. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003). That Sayres has brought and styled this action under 28 U.S.C. § 2241 if no consequence for, as the Court noted in *Crouch*, "a person in custody pursuant to the

judgment of a State court" can only obtain habeas relief through § 2254, *no matter how his pleadings are styled*. *Id.*, citing *Felker v. Turpin*, 518 U.S. 651, 662 (1996) and *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.), *cert. denied,* 531 U.S. 1029 (2000).

To the extent that Sayres seeks to pursue relief for civil rights violations, he should assert any such claims in an action under 42 U.S.C. § 1983. Given his history of previously filing frivolous actions under § 1983 *pro* se and *in forma pauperis* in this Court, and this Court's Order entered on July 14, 2010 in Case No. 3:10-cv-03032, any new action under § 1983 brought *in forma pauperis* would be subject to the "three strikes rule[3]."

To the extent that Sayres seeks habeas relief challenging the validity of his State court convictions, sentences, or the execution of sentence, he must file an action under 28 U.S.C. § 2254. In light of the Court's dismissal on the merits of Sayre's prior action brought under § 2254 on September 24, 2014 in Case No. 3:14-cv-03011, any new filing under § 2254 would be subject to review and potential dismissal pursuant to 28 U.S.C. § 2244(b) as a "second or successive petition" involving the application of pre-AEDPA abuse-of-the-writ principles. *Crouch*, 251 F.3d at 723.

### III.  Conclusion

Based on the foregoing, I recommend that the Application to Proceed In Forma Pauperis (Doc. 5) and the Motion to Add New Sheriff (Doc. 6) be DENIED, and that the Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) be DISMISSED.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[3] As noted above, Sayres already has a civil rights action, not filed *in forma pauperis*, pending before the Court. Case No. 3:14-cv-03065.

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

DATED this 15th day of April, 2015.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE