IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT GREGORY SAYRES                                          PETITIONER

V.                          CASE NO. 3:14-CV-03128

ROBERT T. GRUDEK, Sheriff,
Carroll County, Arkansas                                        RESPONDENT

### ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 7) of the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, filed in this case on April 15, 2015. The R & R concerns Robert Gregory Sayres's Petition for Writ of Habeas Corpus (Doc. 1), filed pursuant to 28 U.S.C. § 2241; his Application to Proceed In Forma Pauperis (Doc. 5); and his Motion to Add the new Sheriff of Carroll County, Arkansas, Randy Mayfield, as a defendant in this action (Doc. 6).

Sayres filed Objections (Doc. 11) to the R & R on June 9, 2015. These Objections fail to state law or facts that justify deviation from the Magistrate's well-reasoned recommendations. In fact, Sayres *admits* in his Objections that he is aware "there is a 'statue [sic] of limit tations [sic]' from this long legal case," and that "never wanted to wast[e] this Courts [sic] time" by filing this and other "past cases." (Doc. 11, p. 1).

The Court agrees that Sayres's decision to file duplicative, frivolous lawsuits over the past several years, based on the same 20-year-old set of facts, has resulted in a tremendous waste of Court time and resources. As pointed out by the Magistrate in the R & R, Sayres's complaints concerning an alleged conspiracy against him by law

enforcement and court officials in Boone and Carroll Counties have resulted in eight civil lawsuits filed by Sayres in this Court, all of which have been dismissed.

Having reviewed the case at bar *de novo*, the Court agrees with the Magistrate that Sayres's § 2241 Petition must be denied. Section 2241 is not the proper vehicle for Sayres to seek habeas relief, as this statute is reserved for federal prisoners, and Sayres is (or was) a state prisoner. Furthermore, although the allegations in Sayres's Petition could possibly be construed as requests for relief pursuant to 42 U.S.C. § 1983, the Magistrate correctly pointed out that Sayres has already brought multiple § 1983 actions based on the claims asserted in the instant case, and all such claims have been dismissed—repeatedly. Sayres also brought a § 2254 habeas petition in this Court, complaining of his state court sentence, but that petition was denied on September 24, 2014 in Case No. 3:14-CV-03011. Any successive petition for habeas corpus proceeding from Sayres's state sentence would, therefore, be subject to review and potential dismissal under § 2244(b).

In light of the above reasoning, the Court finds that the R & R (Doc. 7) should be, and hereby is, **APPROVED** and **ADOPTED IN ITS ENTIRETY**. Sayres's Petition for Writ of Habeas Corpus (Doc. 1), Application to Proceed In Forma Pauperis (Doc. 5), and Motion to Add (Doc. 6) are all **DENIED**. This case is **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED AS MOOT**. Judgment will enter accordingly.

**IT IS SO ORDERED** this 10th day of August, 2015.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

2